UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO CARDONA, <br><br> Plaintiff, <br><br> v. <br><br> SELENE FINANCE LP and HEAVNER, BEYERS & MIHLAR, LLC, <br><br> Defendants. | Case No. 1:20-cv-01608 |

## COMPLAINT

NOW COMES Plaintiff, ANTONIO CARDONA, through undersigned counsel, complaining of Defendants, SELENE FINANCE LP and HEAVNER, BEYERS & MIHLAR, LLC (collectively "Defendants"), as follows:

### NATURE OF THIS ACTION

1. This action is seeking redress for Defendants' violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.;* and the automatic stay, 11 U.S.C. § 362.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. ANTONIO CARDONA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1370 Fargo Avenue, Unit G, Des Plaines, Illinois 60018.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. SELENE FINANCE LP, ("Selene") is a limited partnership organized and existing under the laws of Delaware.

8. Selene has its principal place of business at 9990 Richmond Avenue, Suite 400, Houston, Texas 77042.

9. Selene is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. HEAVNER, BEYERS & MIHLAR, LLC, ("HB&M") is a limited liability company organized and existing under the laws of Illinois.

11. HB&M has its principal place of business at 111 East Main Street, Suite 200, Decatur, Illinois 62523.

12. HB&M is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. On June 13, 2005, Plaintiff executed a mortgage (the "Mortgage") in favor of Taylor, Bean & Whitaker Mortgage Corp.

14. The Mortgage secured the purchase of Plaintiff's principal residence located at 1370 Fargo, Unit G, Des Plaines, Illinois 60018 (the "Property").

15. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $75,230.00 (the "Loan").

16. On or before April 23, 2012, Mortgage Electronic Registration Systems, Inc., as nominee of Taylor, Bean & Whitaker Mortgage Corp assigned the Mortgage to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("Bank of America, N.A.").

17. Plaintiff defaulted on the Mortgage by failing to make monthly installments due.

18. On or before October 14, 2014, Bank of America, N.A. assigned the Mortgage to Selene.

19. On June 28, 2018, Plaintiff initiated a bankruptcy case in the Northern District of Illinois by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

20. The filing of a bankruptcy petition automatically stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case …." 11 U.S.C. § 362(a)(6).

21. Selene received Notice by electronic transmission on June 30, 2018.

22. On September 6, 2018, Selene filed a proof of claim (Claim 8-1) in amount of $88,738.49.

23. The amount due included an arrearage of $24,269.40.

24. The confirmed Chapter 13 Plan, dated September 11, 2018, provided:

| Part 3: | | Treatment of Secured Claims | | | |
|---|---|---|---|---|---|
| **3.1** | **Maintenance of payments and cure of default, if any.** | | | | |
| | *Check one*: | | | | |
| | ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.* | | | | |
| | ■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any idem of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s). | | | | |
| **Name of Creditor** | **Collateral** | **Current installment payment** (including escrow) | **Amount of arrearage** (if any) | **Monthly payment on arrearage** | **Estimated total payments by trustee** |
| **Selene Finance** | **1370 Fargo Avenue, Unit G Des Plaines, IL 60018** | **$656.55** Disbursed by: ■ Trustee ☐ Debtor(s) | Prepetition: **$24,269.40** | **$539.32** | **$63,662.40** |

23. On September 19, 2018, Request for Service of Notices was filed by Selene.

24. On March 25, 2019, HB&M, acting on behalf of Selene, filed a complaint to foreclose Plaintiff's mortgage.

25. Selene *did not* move for relief from the automatic stay under 11 U.S.C. § 362(d) prior to doing so.

## DAMAGES

26. The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws*. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove him into bankruptcy.

27. Defendants' unlawful conduct deprived Plaintiff of one of his fundamental rights and led Plaintiff to believe his bankruptcy was for naught.

28. Defendants' unlawful conduct caused anxiety, confusion, distress, humiliation and the creation of an irreversible public record.

29. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendants' unlawful collection practices stopped.

30. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendants' unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (as to Selene as well as HB&M)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

32. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
>     (A) the character, amount, or legal status of any debt;
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A) and e(10).

33. By commencing foreclosure proceedings, Defendants misrepresented that they had the ability to legally enforce the debt; therefore, violating 15 U.S.C. §§ 1692e(2)(A) and e(10).

### Violation of 15 U.S.C. § 1692f

34. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

35. Defendants violated 15 U.S.C. § 1692f(1) by commencing foreclosure proceedings in violation of automatic stay provisions of Bankruptcy Code (11 U.S.C. § 362).

36. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10), and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides

"any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

    A.    find that Defendants violated 15 U.S.C. §§ 1692e(2)(A), e(10), and f(1);

    B.    award any actual damage sustained by Plaintiff as a result of Defendants' violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

    C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    D.    award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

    E.    award such other relief as this Court deems just and proper.

**COUNT II:**
**Automatic Stay (11 U.S.C. § 362)**
**(as to Selene)**

    37.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    38.    Section 362(a)(6) provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title … operates as a stay, applicable to all entities, of –
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> > \*\*\*
>
> > (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title …

39. The automatic stay becomes effective at the moment a debtor's bankruptcy petition is filed. 11 U.S.C. § 362(a).

40. The protection afforded by the automatic stay continues until a discharge is granted or denied, or the case is closed or dismissed. 11 U.S.C. § 362(c)(2).

41. "The legislative history makes clear that [§ 362(a)(6)] was intended to prevent creditors from harassing debtors after a petition is filed." *NTL Computer Servs. Corp. v. Capital Computer Systems, Inc.*, 755 F.2d 1253, 1257 (6th Cir. 1985) (citing House Report No. 95-595, 95th Cong., 1st Sess. 340-2 (1977); Senate Report No. 95-989, 95th Cong., 2nd Sess. 49-51 (1978).

42. Under Illinois law, a foreclosure action is quasi in rem, meaning that although it concerns rights to a particular piece of property, it is directed at a person. *See ABN AMRO Mortg. Grp., Inc. v. McGahan*, 237 Ill. 2d 526, 931 N.E.2d 1190, 1196, 342 Ill. Dec. 7 (Ill. 2010) ("In in rem actions, the property itself is the defendant, while in quasi in rem actions, a named party is the defendant. In a foreclosure action, the property is not the defendant. Rather, the mortgagor, the person whose interest in the real estate is the subject of the mortgage, is a necessary party defendant to the foreclosure proceedings.") *Turczak v. First Am. Bank*, 2013 IL App (1st) 121964, 997 N.E.2d 996, 1001, 375 Ill. Dec. 685 (Ill. App. 2013).

43. It follows that Selene's filing of a complaint to foreclose mortgage constitutes an action "against the debtor," 11 U.S.C. § 362(a)(1), thus falling into the category of actions covered by the bankruptcy stay.

44. Section 362(h) provides:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

45. The term "willful," while not defined in the Bankruptcy Code, has been interpreted to mean simply acting intentionally and deliberately while knowing of a pending bankruptcy. *See, e.g., Cuffee v. Atlantic Business & Community Dev. Corp.* (*In re Atlantic Business & Community Dev. Corp.*), 901 F.2d 325, 329 (3rd Cir. 1990); *Knaus v. Concordia Lumber Co. Inc.* (*In re Knaus*), 889 F.2d 773, 775 (8th Cir. 1989); *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989).

46. Oral or written notice of a bankruptcy case filing is legally sufficient to convey knowledge of the automatic stay. *See In re Stewart*, 190 B.R. 846, 849-50 (Bankr. C.D. Ill. 1996); *In re Davis*, 74 B.R. 406, 411 (Bankr. N.D. Ohio 1987); *In re Forty-Five Fifty-Five*, 111 B.R. 920, 921 n.2 (Bankr. D. Mont. 1990).

47. Selene was informed on numerous occasions that Plaintiff had filed for bankruptcy; yet, chose to commence foreclosure proceedings against Plaintiff.

48. Selene willfully and flagrantly violated the automatic stay set forth in the Bankruptcy Code.

49. When pre-petition creditors ignore § 362 of the Bankruptcy Code, they do so at their peril.

50. Punitive damages are appropriate to deter a pattern of behavior that ignores the automatic stay.

8

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Selene violated 11 U.S.C. § 362;

B. award any actual damage sustained by Plaintiff as a result of Selene's violation pursuant to 11 U.S.C. § 362(h);

C. award such punitive damages, as the Court may allow, pursuant to 11 U.S.C. § 362(h);

D. award costs and attorneys' fees as the Court may allow, pursuant to 11 U.S.C. § 362(h); and

E. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 5, 2020

Respectfully submitted,

**ANTONIO CARDONA**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com